UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ERIK ANDERSON,**

       **Plaintiff,**　　　　　　　　　　**Case No. 18-cv-12311**

       **v.**　　　　　　　　　　　　　　　　**District Judge Arthur J. Tarnow**

**COMMISSIONER OF**　　　　　　　　**Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Erik Anderson seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 11). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

On January 6, 2016, Plaintiff applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), alleging that he has been disabled since March 13, 2015. (TR 218–32.) The Social Security Administration initially denied Plaintiff's claims on March 5, 2016. (TR 119–40.) On September 14, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Paul Sher. (TR 32–89.)

On January 19, 2018, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 15–26.) Plaintiff requested review by the Appeals Council, which was denied on June 8, 2018. (TR 1–3.) On July 24, 2018, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 10; docket no. 11.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 10, pp. 4–9.) In addition, the ALJ summarized Plaintiff's medical record (TR 17–24), and Defendant provided its own summary of the facts (docket no. 11, pp. 6–13). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020 and that he had not performed substantial gainful activity

since March 13, 2015, the alleged onset date.  (TR 17.)  In addition, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease at L3-L4 and L5-Sl, status post-surgery."  (*Id*.)  Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 19.)  The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), subject to the following non-exertional limitations:

- Plaintiff can occasionally climb ramps and stairs;
- Plaintiff can never climb ladders, ropes, and scaffolds;
- Plaintiff can frequently balance, kneel, and crouch;
- Plaintiff can occasionally stoop and crawl;
- Plaintiff must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery;
- Plaintiff must be able to alternate between sitting and standing every 30 minutes.

(TR 19.)  Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including sorter, assembler and inspector.  (TR 24–25.)  Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision.  (TR 25.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether

his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'"  *Id.* (citations omitted).

**C.     Analysis**

Plaintiff contends that the ALJ erred at step three of the analysis by determining that he does not meet or medically equal Listing 1.04 of Appendix 1 to Subpart P of 20 C.F.R. § 404. (Docket no. 10, pp. 12–19.)  This objection has a procedural component and a substantive component.

5

*1. Procedural Component*

Plaintiff contends that the ALJ erred by declining to obtain an expert medical opinion regarding whether he medically equals Listing 1.04. (Docket no. 10, pp. 12–15.)

If an individual has an impairment that does not meet all of the requirements of a listing, the ALJ then determines whether the individual's impairment medically equals a listed impairment. *Titles II & XVI: Evidence Needed by Adjudicators at the Hearings & Appeals Council Levels of the Admin. Review Process to Make Findings About Med. Equivalence*, SSR 17-2P (S.S.A. Mar. 27, 2017). To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:

1. A prior administrative medical finding from a[] M[edical] C[onsultant] or P[sychological] C[onsultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or

2. M[edical] E[xpert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or

3. A report from the A[ppeals] C[ouncil]'s medical support staff supporting the medical equivalence finding.

*Id.* Because medical expert evidence is required only where the ALJ finds that a claimant's impairment *does* medically equal a listed an impairment, the ALJ did not err by declining to obtain expert evidence in support of his determination that Plaintiff's impairment did not medically equal Listing 1.04.

Plaintiff also alleges that the ALJ failed to provide a reasoned explanation of his determination that Plaintiff did not meet Listing 1.04. (Docket no. 10, pp. 16–18.) However, "the [ALJ] is not required to articulate specific evidence supporting his or her finding that the [claimant's] impairment(s) does not medically equal a listed impairment." *Titles II & XVI: Evidence Needed by Adjudicators at the Hearings & Appeals Council Levels of the Admin. Review*

6

*Process to Make Findings About Med. Equivalence*, SSR 17-2P (S.S.A. Mar. 27, 2017). Instead, "a statement that the [claimant's] impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." *Id*. The ALJ's "articulation of the reason(s) why the [claimant] is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." *Id*. Accordingly, the ALJ properly explained his determination that Plaintiff does not meet or medically equal Listing 1.04.

### 2. Substantive Component

Plaintiff also contends that his degenerative disc disease meets or medically equals the criteria of Listing 1.04. (Docket no. 10, pp. 15–19.)

An individual meets Listing 1.04(A) if he is diagnosed with a "disorder of the spine" resulting in compromise of a nerve root or the spinal cord with the following factors present:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A).

Those elements are "conjunctive," meaning that an impairment matches a listing only where it "meet[s] all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Brown v. Comm'r of Soc. Sec.*, No. 12-14506, 2013 WL 6537980, at *11 (E.D. Mich. Nov.18, 2013).

In his decision, the ALJ cited medical evidence showing that Plaintiff's lumbar impairments did not meet various criteria of Listing 1.04(A). The treatment records of several physical examinations reflect that Plaintiff exhibited, at various points during the relevant period, (1) full range of motion in his spine, (2) normal muscle strength, (3) normal sensation and reflexes,

7

and (4) negative straight-leg-raising tests. (TR 646 (normal sensory examination, negative straight-leg-raising and no increase in pain with back extension and rotation on December 21, 2016); TR 655 (normal musculoskeletal and neurological examinations on March 6, 2017); TR 660 (normal sensory examination on March 15, 2017; TR 666 (normal sensory examination and full range of motion in the spine on April 18, 2017).)

The ALJ also cited substantial evidence that Plaintiff did not medically equal Listing 1.04. Following Plaintiff's lumbar surgery in 2015, Dr. Lynda Yang noted that an MRI taken in April of 2016 "demonstrates reasonable resolution from pre-op [condition] without significant canal or foraminal stenosis." (TR 634.) She advised against additional surgery. (*Id.*)

Accordingly, substantial evidence supports the ALJ's determination that Plaintiff did not meet or medically equal Listing 1.04.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED**, and that the case dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and

Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  August 5, 2019              s/Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  August 5, 2019              s/Sandra Osorio
                                    Acting Case Manager

9